UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

GEORGE McNAIR,
  a/k/a GEORGE WILLIE MCNAIR,

     Petitioner,

V.

FRANCISCO QUINTANA, *Warden*,

     Respondent.

Civil Action No. 5:15-CV-320-KKC

**MEMORANDUM OPINION
AND ORDER**

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Petitioner George McNair, a/k/a George Willie McNair, is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Medical Center ("FMC") located in Lexington, Kentucky.  Proceeding without an attorney, McNair has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1]  McNair has paid the $5.00 filing fee.  [R. 5]

Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates McNair's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts McNair's factual allegations as true, and liberally construes his legal claims in his favor.  *Bell Atlantic Corp.*

1

*v. Twombly*, 550 U.S. 544, 555-56 (2007).  Having reviewed the petition, the Court must deny it because McNair may not obtain the relief which he seeks in a § 2241 habeas corpus proceeding.

**ALLEGATIONS OF THE § 2241 PETITION**

McNair alleges that he suffers from various medical conditions, including but not limited to diabetes; that he is allergic to animal/animal by-products; that he requires a specialized vegan diet; and that he needs to undergo testing to ascertain whether he suffers from various food allergies.  McNair contends that the FMC-Lexington staff refuses to provide him either with food-allergy testing or a specialized diet to accommodate his allergic condition and/or his vegan food preferences.

McNair administratively exhausted his claims through the BOP's Central Office, *see* R. 1-1, p. 4.  On September 8, 2015, Ian Connor, Administrator of the BOP's National Inmate Appeals, denied McNair's final administrative appeal, concluding that a reviewing McNair's medical records revealed that McNair does not require a specialized diet plan and that his allegations of food allergies could not be substantiated by the FMC-Lexington clinicians with whom he had medical encounters on February 20, 2015, and again on April 23, 2105.  [*Id*.]  Connors further noted that McNair's commissary purchases consisted of "…turkey log, mackerel, cheese, ice cream and baked goods such as cookies and cakes," food choices which appear to be inconsistent with McNair's assertion that he observes a vegan diet and/or that he suffers from various food allergies.  [*Id*.]  Finally, Connors advised McNair that he was free to make various food selection from the main-line and to choose the "'no-flesh' option from the BOP's national menu."  [*Id*.]

McNair asserts that the refusal of the FMC-Lexington staff to provide him a proper, specialized diet and to provide him with food allergy testing violates the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment. McNair seeks an order directing the BOP either to provide him a specialized diet and food allergy testing, or to release him to home detention.  [R. 1, p. 8]

## DISCUSSION

McNair may not obtain the relief which he is seeking, *i.e.*, an order instructing the FCI-Ashland medical staff and/or the BOP to provide him with a special diet and food allergy testing, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The only claims which a federal prisoner can properly submit under § 2241 are those challenging the execution of his sentence, such as the manner in which the BOP has computed his sentence credits or determined his parole eligibility.  *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).  McNair is not challenging the manner in which the BOP is executing his sentence; he is alleging that the BOP refuses to either provide him with a specialized diet or permit him to undergo allergy tests to ascertain possible food allergies. His claims therefore squarely challenge the conditions of his confinement at FMC-Lexington.

Habeas corpus relief is not available to prisoners asserting complaints about the conditions of their confinement or alleged mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F.Supp.2d 715, 718 (E.D. Mich. 2007). Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court

proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F.Supp.2d at 718 (quoting *Maddux v. Rose*, 483 F.Supp. 661, 672 (E.D. Tenn.1980)).  A claim alleging an Eighth Amendment violation must be brought in a civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  The filing fee for a *Bivens* action is $400.00, although McNair may request pauper status and permission to pay that filing fee in installment payments.

McNair's § 2241 petition will be dismissed without prejudice to his right to file a *Bivens* civil rights actions in which he may assert his Eighth Amendment condition of confinement claims relating to his alleged dietary and allergy testing needs.

**CONCLUSION**

Accordingly, it is hereby **ORDERED** as follows:

1.      George McNair's 28 U. S. C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE** to McNair's right to file a 28 U.S.C. § 1331 civil rights actions asserting his condition of confinement claims**.**

2.      The Court will enter an appropriate Judgment.

3.      This matter is **STRICKEN** from the docket.

This January 4, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY